IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Auto-Owners Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>Glynn Allan Smith, RSS, LLC, Steven Hughes, and James Bryant<br>Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT**<br>**(NON-JURY)** |

Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), complaining of the Defendants, alleges and states that:

**PARTIES AND JURISDICITON**

1. Auto-Owners is a corporation organized under the laws of Michigan with its principal place of business in Michigan. At all relevant times, Auto-Owners was authorized to do business as an insurance company in the State of South Carolina.

2. Upon information and belief, the Defendant Glynn Allan Smith ("Smith") is an individual residing in Marion County, South Carolina.

3. Upon information and belief, the Defendant Steven Hughes ("Hughes") is an individual residing in Conway County, South Carolina.

4. Upon information and belief, the Defendant James Bryant ("Bryant") is an individual residing in Horry County, South Carolina.

5. Upon information and belief, the Defendant RSS, LLC is a limited liability company organized under the laws of South Carolina with its principal place of business in South Carolina.

5.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in the Florence Division of this Court under 28 U.S.C. § 1391 because one of the Defendants is a resident of Marion County, South Carolina and the accident occurred in Marion County, South Carolina.

## FACTS

7.      On August 4, 2020, Bryant was operating a 2005 Chevrolet pickup truck (the "subject vehicle") owned by RSS, LLC and/or Steven Hughes.

8.      The subject vehicle was traveling north on SC917, near or around Mullins, South Carolina, when Bryant, while allegedly under the influence of alcohol and/or drugs, crossed the center lane and struck the unoccupied vehicle owned by Smith, which was stopped in the south bound lane of SC 917. At the time of the incident, Smith was standing in front of his unoccupied vehicle and was struck when the subject vehicle collided with his unoccupied vehicle. This motor vehicle collision will be referred to as the "incident."

9.      Smith claims to have suffered bodily injury as a result of the incident.

10.     At the time of the incident, Bryant did not have permission to drive the subject vehicle.

11.     Hughes made a police report for breach of trust against Bryant for taking the subject vehicle without permission.

12.     Bryant was formally charged with the following offenses arising out of the incident:

2

    a. 2049-Traffic / Failure to return driver's license after notice of suspension, cancellation or revocation;

    b. 2166-Traffic / Failure to return license plate and registration upon loss of insurance – 1st offense;

    c. 2054-DUS / Driving under suspension, license suspended for DUI – 1st offense; and

    d. 3353- DUI / Driving under the Influence, less than .10, 1st offense.

13. A Complaint on behalf of Smith was filed against Bryant, Hughes, and Steven Lavon Hughes d/b/a Affordable Concrete & Masonry on October 8, 2020 in the Marion County Court of Common Pleas. The Complaint was amended on November 5, 2020 to add "RSS, LLC d/b/a Affordable Concrete & Masonry".

14. The amended complaint alleges claims for negligence, gross negligence, and negligence per se against all defendants.

15. The amended complaint further alleges claims for vicarious liability and negligent entrustment, hiring, training, supervision, and retention as to Hughes and RSS, LCC.

16. The subject vehicle was insured by Auto-Owners under policy number 52-56076-00 (the "Policy") with effective dates of April 18, 2020 through October 18, 2020. The Policy provides liability coverage in the amount of $500,000.00 per accident. A true and accurate copy of the Policy is attached as "Exhibit A."

17. Auto-Owners is informed and believes that it is not obligated to provide a defense or indemnity for the incident because Bryant is not an insured and he took the vehicle without permission. The Policy and South Carolina law provide that there is no coverage for non-permissive drivers, Bryant was not a scheduled driver for the subject vehicle or any vehicle

3

owned by RSS, LLC and/or Hughes, nor was he authorized to drive the subject vehicle or any vehicle owned by RSS, LLC and/or Hughes.

    18.    The Policy contains the following grant of liability coverage, subject to its terms and conditions:

> We will pay all sums an insured legally must pay as damages because of bodily injury and property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto as an auto.
> …
> We will investigate, settle or defend, as we consider appropriate, any claim or suit for damages or a covered pollution cost or expense, covered by this policy. We will do this at our expense, using attorneys of our choice. Our duty to defend or settle ends when the Limit of Insurance for Covered Autos Liability Coverage has been exhausted by payment of judgments or settlements.

(Policy form 58001 (1-15) at p. 3.)

    19.    The liability coverage part of the Policy contains, in relevant part, the following description of an insured:

> **1.** Who is an Insured:
> The following are insured:
>     **a.** You for any covered auto.
>     **b.** Anyone else while using, with your permission, a covered auto (that is not a trailer) you own, lease, hire, rent or borrow
> …
>     **f.** Anyone liable for the conduct of an insured described in **1.a**. through **1.e**. immediately above, only to the extent of that liability.
> …

(Policy Form 58001 (1-15) at p. 3.)

    20.    Based on the foregoing, Plaintiff seeks a declaratory judgment that there is no duty under the Policy to provide a defense and no obligation to make any indemnity payments under the Policy as a result of the incident.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

21. Plaintiff adopts and re-alleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

22. Plaintiff seeks relief pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

23. Plaintiff is informed and believes that a justiciable controversy exists between the parties, that the parties named as Defendants have or may claim an interest in the subject matter of this litigation, and that the disposition of the Policy in this matter will affect the rights and liabilities of the Defendants.

24. Auto-Owners contends that the Policy does not provide liability coverage for claims arising out of the incident because:

   a. The Policy only extends liability coverage to Insureds;

   b. Bryant is not a named insured under the Policy;

   c. Bryant is not a Scheduled Driver under the Policy;

   d. Therefore, Bryant must have had permission to drive the subject vehicle in order to meet the Policy's definition of an Insured;

   e. Bryant did not have permission to drive the subject vehicle;

   f. Bryant knew he did not have permission to drive the subject vehicle, but drove it without permission at the time of the incident;

   g. Such other and additional reasons as may be supported by the discovery in this action.

25. Accordingly, Plaintiff seeks a declaratory judgment that it is not required to provide a defense or indemnity in connection with the incident.

26. Plaintiff respectfully requests that the Court inquire into the dispute between the parties, review the Policy and the applicable facts, and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the Policy.

WHEREFORE, Plaintiff prays that:

(1) The Court inquire into these matters and enter an Order declaring that the Policy does not provide coverage in connection with the incident;

(2) For attorney's fees and costs; and

(3) For such other and further relief as this Court may deem just and proper.

By: s/ Michelle N. Endemann
Michelle N. Endemann (Federal Bar No. 11010)
mendemann@clarksonwalsh.com
Clarkson, Walsh, & Coulter, P.A.
497 St. Andrews Blvd.
Charleston, SC 29407
Ph: 864-232-4400
Fax: 864-235-4399

Attorney for Plaintiff

November 10, 2021