IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | Case No.: 4:21-cv-03693-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Glynn Allan Smith; RSS, LLC; Steven Hughes; and James Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This insurance coverage case arises from an automobile collision in which James Bryant ("Bryant") was driving a vehicle owned by RSS, LLC, and Steven Hughes ("Hughes"), and hit Glynn Allan Smith ("Smith") (collectively "Defendants").[1] The vehicle was insured by Plaintiff Auto-Owners Insurance Company ("Auto-Owners" or "Plaintiff"), which claims there is no coverage because Bryant was not a permissive driver. (DE 8, p. 1.) Smith filed a Motion to Dismiss asking this Court to abstain from exercising jurisdiction over this matter pursuant to <u>Nautilus</u> because among others reasons, there is a potential for unnecessary entanglement between this action and the personal injury action pending in State Court. (DE 5); see also <u>Nautilus Ins. Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 377 (4th Cir. 1994). Defendants filed a Response (DE 8), and Plaintiffs filed a Reply (DE 9). After reviewing the motions, memoranda submitted and the Complaint, the Court denies Smith's Motion to Dismiss (DE 5) for the reasons stated herein.

---

[1] There is a personal injury lawsuit arising out of the collision pending in State Court.

1

## BACKGROUND

The underlying State Court case arises from injuries suffered by Smith arising out of a motor vehicle collision. (DE 5-1, p. 1.) Auto-Owners issued a Commercial Auto Policy, Policy No. 52-56076-00 (the "Policy"), to RSS, LLC, and Hughes with combined liability limits of $500,000.00 per accident. (DE 8-1.) The effective dates of the Policy are April 18, 2020, through October 18, 2020. Id. The 2005 pickup truck involved in the accident is insured under the Policy and appears as vehicle number 5 on the Declarations page. Id. Plaintiff contends Bryant is not a scheduled driver on the Policy. Moreover, Plaintiff claims that "Bryant was not a scheduled driver for the subject vehicle or any vehicle [on the insurance policy] owned by the Named Insureds, nor was he authorized to drive the subject vehicle or any vehicle owned by RSS, LLC and/or Defendant Hughes." (DE 8, p. 1.)

On August 4, 2020, Smith, traveling southbound on S.C. Highway 917 in South Carolina, was hit by a vehicle driven by Bryant, traveling northbound, when Bryant crossed the center line. (DE 5-1, p. 1.) The Complaint alleges Bryant was formally charged with, among other things, "Driving under suspension, license suspended for DUI – 1st offense; and . . . Driving under the Influence, less than .10, 1st offense." (DE 1, ¶ 12.) Smith suffered serious bodily and property damage from the accident and filed the underlying State Court case in the Marion County Court of Common Pleas, Twelfth Judicial Circuit. (DE 5-1, p. 3.) However, Plaintiff is not a party in the State Court case as all the claims are based in tort.[2] Plaintiffs have now filed this declaratory judgment case in this Court contesting coverage to provide a defense or indemnification in the underlying State Court case.

---

[2] Smith's Complaint in State Court alleges claims for negligence, gross negligence, and negligence per se against Bryant, Hughes, and Hughes d/b/a Affordable Concrete & Masonry and RSS, LLC d/b/a Affordable Concrete & Masonry. Further, it alleges claims for vicarious liability and negligent entrustment, hiring, training, supervisions, and retention as to Hughes and RSS, LLC. (DE 8, p. 3.)

## LEGAL STANDARD

The Federal Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201(a). "A federal court has the discretion to decline to entertain a declaratory judgment action, but, under the law of this Circuit, the court must do so only for "good reason." Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 965 (4th Cir. 1994). A District Court should "normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. To aid with this determination a Court must consider the following factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and (4) whether the federal action is being used merely as a device for "procedural fencing," i.e., to provide another forum in a race for res judicata.

Id; see also Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994). Courts in this circuit refer to these factors as the Nautilus factors.

## DISCUSSION

Smith contends that the first Nautilus factor weighs in his favor of abstention because the collision occurred in South Carolina, the Policy was issued in this State, and South Carolina has a strong interest in having its own courts interpreting South Carolina law. (DE 5-1, pp. 4-5.) This

Court disagrees. This is an insurance coverage case that requires the Court to review the Policy and the applicable facts and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the Policy. Federal Courts routinely adjudicate insurance policies governed by State law and the Court in this case is "unlikely to break new ground or be faced with novel issues of state interest." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998); see also Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 378 (4th Cir. 1994) ("As the district court noted, all of the issues of insurance coverage raised here are governed by the substantive law of the State of Maryland. *But that alone provides no reason for declining to exercise federal jurisdiction*.") (emphasis added). In Nautilus, the Court noted that "[i]n analogous situations in which a federal court possesses discretionary power to abstain from deciding state-law questions otherwise properly within its jurisdiction, that discretion may be exercised only when the questions of state law involved are difficult, complex, or unsettled." Id at 378. Since there are no difficult, complex, or unsettled issues to resolve, there is no compelling state interest to having this issue heard in State Court.

In considering the second factor, Smith asserts that this case can efficiently be resolved in the pending State Court case because the alleged coverage issue is being litigated in the underlying State Court case, which has been litigated for over a year. (DE 5-1, p. 5-6.) However, a review of the underlying State Court case indicates that resolution of this case in State Court would not be more efficient. "In evaluating these efficiency concerns, the Supreme Court has directed us to focus primarily on whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceedings that are already pending in the state court[s]." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 211–12 (4th Cir. 2006). "A complete analysis of the efficiency

4

factor also requires an inquiry into the scope of the state proceedings pending at the time the federal action was instituted." Cont'l Cas. Co., 35 F.3d 963 at 967.

Plaintiff is not a party to the underlying State Court case. Additionally, as the underlying State Court case concerns tort issues while this case involves contract issues, the issues in each case are different. Accordingly, Smith has not sufficiently shown that there is an efficiency reason for this Court to abstain from exercising jurisdiction in this case.

Turning to the third factor, which is the gravamen of Smith's motion, Smith contends that there exists the potential for entanglement between the State Court and this Court because Auto-Owner's obligations under the Policy will be addressed and litigated in the underlying State Court case. Specifically, Smith argues that entanglement would occur if this Court ruled differently on the evidence and testimony established in the underlying State Court case. (DE 5-1, p. 6.) Entanglement occurs "where many of the issues of law and fact sought to be adjudicated in the federal action are already being litigated by the same parties in the related state court action." Great Am. Ins. Co., 468 F.3d 199 at 212.

Here, entanglement is unlikely because the Auto-Owner's contract dispute will not be adjudicated in the Underlying State Court case. Thus, no issues regarding Auto-Owner's rights or obligations are likely to be resolved in that action because the underlying State Court claims (i.e., negligence, vicarious liability etc . . .) do not relate to this Court's coverage determination. See Nautilus, 15 F3d at 377 (finding entanglement unlikely when the declaratory action involves a contract dispute and the underlying action is a tort claim); cf. Mitcheson v. Harris, 955 F.2d 235, 241 (4th Cir. 1992) (finding entanglement likely when the declaratory action required the court to decide on a critical issue that will be addressed in the pending state action). If this Court determines during the course of litigation that it needs to wade into fact-finding in a manner that

would impede upon the questions being considered by the State Court in the underlying case, the Court reserves its right to revisit this order and decide to abstain from hearing the case.

Lastly, in considering the last factor, the Court finds that this case is not being used merely as a device for procedural fencing. Smith has not sufficiently provided evidence here of a race to this Court to resolve issues in a favorable forum first while similar issues are pending in the underlying State Court case as the issues in the two cases are different.

Accordingly, in weighing the Nautilus factors, the Court finds that the declaratory relief sought will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. However, it reserves the right to reconsider its ruling on the abstention issue.

## CONCLUSION

For the foregoing reasons, the Court will exercise jurisdiction over this case; and therefore, Smith's Motion to Dismiss (DE 5) is denied.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

January 19, 2022
Greenville, South Carolina